ROBERT R. ROGINSON, CA Bar No. 185286
robert.roginson@ogletree.com
ALEJANDRO D. SZWARCSZTEJN, CA Bar No. 272371
david.szwarcsztejn@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:     213-239-9800
Facsimile:     213-239-9045

Attorneys for Defendant
JACOBS TECHNOLOGY INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GEIB, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>JACOBS TECHNOLOGY INC., a Tennessee corporation, and DOES 1 to 100, inclusive,<br><br>              Defendants. | Case No. 3:23-cv- 169<br><br>**DEFENDANT JACOBS TECHNOLOGY INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of [Client Rep] and [Attorney] in Support of Removal]<br><br>Complaint Filed:  December 5, 2022<br>Trial Date:          None<br>Judge:                Hon. _____ |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOHN GEIB AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Jacobs Technology Inc. ("Defendant" or "Jacobs"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1331, 1441(a) and 1446.  In support of such removal, Defendant states as follows:

1.    On or about December 5, 2022, Plaintiff John Geib (hereinafter "Plaintiff"), individually, and "on behalf of all others similarly situated" filed a Civil Complaint (the "Complaint") in the Superior Court of the State of California, County of Santa Clara, entitled *John Geib v. Jacobs Technology Inc.; and Does 1 through 100, inclusive*, Case No. 22CV407763.  A true and correct copy of the Summons and Complaint, and all other documents served on Jacobs, is attached hereto as "**Exhibit A**."

2.    Plaintiff served Jacobs through its registered agent for service of process, CT Corporation System, on December 13, 2022.  A true and correct copy of the CT Corporation Service of Process Notification is attached hereto as "**Exhibit B**."

3.    The Complaint asserts the following causes of action:  (1) Failure to Pay for All Hours Worked (Labor Code §§ 1194, 1194.2, 1198); (2) Failure to Reimburse Business Expenses (Labor Code § 2802); (3) Failure to Provide Complete Wage Statements (Labor Code § 226 and 226.3); (4) Waiting Time Penalties (Labor Code § 201 -203); (5) Failure to Pay All Overtime Wages Owed (Labor Code §§ 510, 1194, 1194.2, 1198, and Wage Order); (6) Unlawful Deductions from Pay (Labor Code §§ 221, 223, 400-410); (7) Failure to Pay for On-Call Time; (8) PAGA and Other Penalties (Labor Code §§ 2699, et seq., and 558); and (9) Unfair Competition in Violation of California Business and Professions Code §17200, et seq.

4.    <u>Jurisdiction</u>.  This Court has original jurisdiction over this action under 28 U.S.C. § 1331 and hence the action may be removed by Defendant pursuant to 28 U.S.C. § 1441.  Original jurisdiction exists here for two reasons: (1) the conduct alleged by Plaintiff occurred on a federal enclave within which the United States has exclusive jurisdiction; and (2) Plaintiff's employment

was subject to a collective bargaining agreement and Plaintiff's claims are preempted by Section 301 of the LMRA, 29 U.S.C. § 185.

5.    <u>Venue is Proper</u>.  The Superior Court of California, Santa Clara County, is located within the Northern District of California.  Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 84(a) because the Northern District of California, is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## I.    Federal Enclave Jurisdiction (28 U.S.C. § 1331)

6.    The United States has power and exclusive authority "in all Cases whatsoever . . . over all places purchased" by the government "for the erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings."  U.S. Const. art. I, § 8, cl. 17.  Such places are "federal enclaves" within which the United States has exclusive jurisdiction.  *Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952).  It "would be incongruous to hold that . . . (courts of the United States) are without power to adjudicate controversies arising" therein.  *Id*. at 124.  Actions which arise from incidents occurring on federal enclaves may be removed to federal district court as a part of federal question jurisdiction.  *Id*.

7.    Plaintiff's Complaint alleges that "from July 27, 2018 through November 22, 2021, [he] was employed by Defendants as a building maintenance service technician assigned to work in Santa Clara, County."  (Compl. ¶ 6).  Plaintiff's employment for Defendant during this time occurred exclusively at the NASA Ames Research Center at Moffett Field.  (*See Declaration of Cindy Robertson,* ¶ 6).

8.    NASA Ames Research Center at Moffett Field is a federal enclave.  *Pacific Coast Dairy v. Dept of Agriculture of Cal.*, 318 U.S. 285, fn 7-8 (1943).  Moffett Field was acquired by the United States on February 12, 1931 and there is no question that when California ceded Moffett Field to the federal government, exclusive jurisdiction was conferred.  *Id.*  When the federal government acquired Moffett Field in 1931, it resulted in automatic cession pursuant to state law NASA Ames Research Center at Moffett Field continues to be a federal enclave despite the fact that it is no longer being used exclusively for military purposes. *See Powell v. Tessada & Associates, Inc.,* 2005 WL 578103 (N.D. Cal. 2005).

9.      Plaintiff performed work for Defendant exclusively within the NASA Ames Research Center, a federal enclave, and this Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1331.

## II.      Section 301 Preemption (28 U.S.C. § 1331)

10.      Plaintiff's claims are preempted by federal law, specifically Section 301 of the LMRA ("Section 301"). 29 U.S.C. § 185. Under Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

11.      Section 301 preempts state law claims requiring interpretation of a CBA. "[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 23 (1983). Section 301 also preempts "any state [law] claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Ass'n,* 854 F.2d 1142, 1146 (9th Cir. 1988). "[T]he key to determining the scope of Section 301 preemption is not based on how the complaint is framed," it is based on whether resolution of the claims requires "referring to the terms of the…[CBA]." *Id.* The reason is that "the interpretation of [CBAs] is exclusively a matter for arbitration under federal law." *Levy v. Skywalker Sound,* 108 Cal.App.4th 753, 762 (2003). "Once preempted, 'any claim purportedly based on [a] state law is considered, from its inception, a federal claim, and therefore arises under federal law'." *Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007), citing, *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987).

12.      A plaintiff cannot avoid Section 301 preemption by "artfully pleading" a claim to allege state law violations. *Hyles v. Mensing* 849 F.2d 1213, 1215 (9th Cir. 1988). For example, where "[r]esolution of plaintiffs' claim to overtime pay ... cannot be decided by mere reference to unambiguous terms of the agreement," it is preempted. (*Id.*)

13.      Section 301 of the LMRA provides a basis for federal jurisdiction, and authorizes

federal courts to develop a federal common law of the interpretation of collective bargaining agreements. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962); *Lingle*, 486 U.S. at 411.

14.     Further, all state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985); *Newberry v. Pac. Racing Ass'n*, 854 F.2d at 1146 (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . [and] any state claim whose outcome depends on analysis of the terms of the agreement."); *see also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

15.     Section 301 has specifically been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Firestone*, 219 F.3d at 1066-67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims). This remains true even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *See Levy*, 108 Cal. App. 4th at 769 (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA"). Thus, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law.").

16.     Adjudicating Plaintiff's Complaint will require interpretation of the CBA. As detailed below, many (if not all) of the underlying labor code violations alleged in Plaintiff's Complaint are preempted by the CBA. Plaintiff's PAGA claims are premised upon, and therefore

derivative of, the various underlying violations of the California Labor Code identified in Plaintiff's Complaint. *Curtis*, 913 F.3d at 1150 n.3 (PAGA claims depend on the underlying violations of the California Labor Code alleged in the complaint). Thus, Section 301 preempts Plaintiff's sole cause of action under the PAGA. *See, e.g., Lingle*, 486 U.S. at 405-06 ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is preempted"); *see also Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending federal question jurisdiction to plaintiff's PAGA claim).

17.     The fact that Plaintiff seeks civil penalties under PAGA is irrelevant for purposes of preemption. *See, e.g., Martinez v. Omni Hotels Mgmt. Corp.*, No. 20-CV-1924-MMA (BLM), 2021 WL 196509, at *4 (S.D. Cal. Jan. 20, 2021) ("The Court finds Plaintiff's distinction between bringing PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption."); *see also Sykes v. F.D. Thomas, Inc.*, No. 20-CV-03616-VC, 2021 WL 343960, at *1 (N.D. Cal. Feb. 2, 2021)( "Thus, the fact that a PAGA plaintiff effectively stands in the shoes of state officials does not change the preemption analysis, and each of the alleged Labor Code violations must be analyzed individually under the Ninth Circuit's two-step test for complete preemption as set out in *Burnside*.").

18.     <u>Plaintiff's Employment Was Governed by a CBA</u>. Plaintiff was employed with Defendant from July 27, 2018 until about November 22, 2021, as a building maintenance service technician and was paid $46.07 by Defendant.  (Complaint, ¶ 13.)   At all relevant times alleged in the Complaint, the terms and conditions of Plaintiff's employment with Defendant were subject to a CBA between Defendant and the International Association of Machinists and Aerospace Workers, AFL-CIO, District Lodge #190, for and on behalf of Local Lodge #1414, party of the second part ("Union"). (Robertson Decl., ¶¶ 2, 3, Exhs. A and B.).

19.     At all relevant times alleged in the Complaint, Defendant has been engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

20.     The Union is a labor organization in which certain employees of Defendant

participate and which exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, conditions of work, discipline, and discharge. At all relevant times, the Union has been, and is, a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

21.    Article I, Section 2 of the CBA specifically recognizes the Union as the exclusive representative for covered employees, including Plaintiff, for the purposes of collective bargaining to establish rates of pay, hours of work and other conditions of employment. (Robertson Decl., ¶¶ 2, 3, Exhs. A and B.)

22.    <u>Plaintiff's Failure to Reference Section 301 of the LMRA in His Complaint Does Not Preclude Removal</u>.  The Complaint omits the fact that Plaintiff was a member of the Union and working in a covered position subject to the terms and conditions of the CBA while employed with Defendant.  However, a plaintiff may not be permitted to "artfully plead" her complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement). Thus, the fact that Plaintiff has not made specific reference to Section 301 in her Complaint does not preclude removal. *See Milne Employees Ass 'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

23.    An artfully pled state law claim is properly "re-characterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

24.     To determine whether a claim alleging violations of state law is preempted by Section 301(a) of the LMRA, the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152. First, the Court asks "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Id*., quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018). If so, "the claim is preempted, and [the] analysis ends there." *Burnside v. Kietwit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If not, the Courts consider whether a plaintiff's state law right is substantially dependent on analysis of the CBA. *Curtis*, 913 F.3d at 1153. If claims are dependent on interpretation of the CBA, then the claim is preempted by Section 301. *Franco*, 2019 WL 6358947, at *2, citing *Burnside*, 491 F.3d at 159-60.

25.     <u>Resolution of Plaintiff's Claims Will Require Substantial Interpretation of Provisions of the CBA.</u>  Section 301(a) of LMRA wholly preempts any and all purported state law causes of action by an employee concerning a dispute over her terms and conditions of employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the "interpretation of a collective bargaining agreement." *See, e.g., Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. Cal. 2000); *Young*, 830 F.2d at 997-98.

26.     As set forth below, the CBA governs Plaintiff's and other aggrieved employees' time worked, wages, and overtime, among other conditions. (Robertson Decl. ¶¶ 2, 3, Exhs A, B). The CBA also provides for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. (Robertson Decl. ¶¶ 2, 3, Exhs A, B, Article X)  Resolution of Plaintiff's claims will require the Court to interpret, at a minimum, all of these provisions. Therefore, Plaintiff's claims cannot be adjudicated without interpretation of numerous CBA

provisions that governed Plaintiff's employment and the employment of the allegedly aggrieved employees, to wit:

27.    Section 301 preempts Plaintiff's first claim for failure to pay for all hours worked, fifth claim for failure to pay all overtime wages, and seventh claim for failure to pay for on-call time because the CBA expressly provides several terms that control and govern on-call, standby time, and overtime pay beyond that provided by California law.  (Robertson Decl, ¶¶ 2, 3, Exhs A, B, Article IV, Sections 9, 11, and 12.)  The merits of these claims depend significantly on an interpretation of several CBA provisions that governed Plaintiff's employment and the employment of the putative class members.

28.    Section 301 preempts Plaintiff's sixth claim for unlawful deductions from pay, premised upon Labor Code sections 221, 223, among others, because the CBA expressly provides several terms that control and governs the circumstances under which deductions could be made from an employees wages for tool replacement.   (Robertson Decl, ¶¶ 2, 3, Exhs A, B, Article IV, Section 3.)  California Labor Code section 224 provides "[t]he provisions of Sections 221, 222 and 223 shall in no way make it unlawful for an employer to withhold or divert any portion of an employee's wages when the employer is required or empowered so to do by state or federal law or when a deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, or when a deduction to cover health and welfare or pension plan contributions is expressly authorized by a collective bargaining or wage agreement."  The merits of these claims depend significantly on an interpretation of several CBA provisions that governed Plaintiff's employment and the employment of the putative class members.

29.    Plaintiff's third claim for failure to provide complete wage statements and fourth claim for waiting time penalties are derivative of the underlying Labor Code claims reference above, and accordingly any determination of their applicability substantially depends upon an analysis of the CBA.

30.    Similarly, Plaintiff's PAGA claim also seeks civil penalties based upon the

1    purported Labor Code violations discussed above.  Accordingly, the Court will have to interpret the

2    CBA to determine whether Defendant is subject to the specific Labor Code sections identified and

3    the whether Defendant violated the Labor Code claims alleged.

4        31.    The CBA also provides for a five-step grievance process culminating in binding

5    arbitration to resolve any disputes arising under the CBA. (Robertson Decl., ¶¶ 2, 3, Exhs A and B,

6    Article X, Section 2.)  As Plaintiff's claims are in essence alleged violations of the CBA, the Court

7    will necessarily have to interpret the grievance and arbitration provisions to analyze Plaintiff's

8    claims in this case. That is, the Court will be required to determine whether the Plaintiff was first

9    required to exhaust the grievance procedures, whether he did in fact exhaust those procedures, and

10    whether the parties agreed to arbitrate all or some of Plaintiff's claims – which are all questions

11    reserved for federal courts under the LMRA.

12        32.    Accordingly, Plaintiff's claims are substantially dependent upon the interpretation

13    of the foregoing CBA terms and provisions.  In fact, those terms and provisions govern nearly all

14    of the conduct which forms the basis of the underlying Labor Code violations alleged in Plaintiff's

15    Complaint, and thus are essential to the resolution of Plaintiff's statutory penalty and PAGA

16    claims. Plaintiff's penalty claims therefore also arise under Section 301 of the LMRA, and are

17    preempted by federal law. Removal to federal court is warranted. *See Radcliff v. San Diego Gas &*

18    *Elec. Co*., No. 3:20-CV-01555-H-MSB, 2021 WL 532258, at *3 (S.D. Cal. Feb. 12, 2021)

19    (denying motion to remand PAGA claim based on alleged lack of original jurisdiction, and finding

20    plaintiff's PAGA claim was preempted by § 301 of the LMRA).

21    **III.    Supplemental Jurisdiction**

22        33.    To the extent any of the causes of action alleged in the Complaint do not raise

23    federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are

24    removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under

25    28 U.S.C. § 1367, because they relate to and emanate from the same employment relationship

26    between Plaintiff and Defendant that is the subject of the federal question claims. Specifically,

27    Plaintiff's claims for unpaid wages, expenses, wage statement violations, and civil and/or statutory

28    penalties are predicated upon facts and circumstances that are inextricably intertwined with and

dependent upon an interpretation of the CBA. As a result, all the pleaded underlying Labor Code violations emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990); *Franco*, 2019 WL 6358947, at *3 (extending supplemental jurisdiction because plaintiff's claim for "civil penalties under PAGA does not change the underlying nature of the predicate California Labor Code violations."); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (extending supplemental jurisdiction over PAGA claims not covered by the CBA). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising supplemental jurisdiction over all the underlying alleged violations of the Labor Code in Plaintiff's Complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *Franco*, 2019 WL 6358947, at *3; *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019).

**IV.    Satisfaction Requirements Of 28 U.S.C. § 1446**

34.    In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, Santa Clara County, is located within the Northern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(2) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

35.    In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by Exhibit A, which is a copy all process, pleadings, and orders served upon Defendant.

36.    In accordance with 28 U.S.C. §1446(b) and as detailed in paragraphs 1 and 2 above, Defendant's Notice of Removal is timely.

37.    In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the joinder in removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, Santa Clara County.

///

///

1    WHEREFORE, Defendant removes this action to this Court.

2

3  DATED:  January 12, 2023                OGLETREE, DEAKINS, NASH, SMOAK &
                                           STEWART, P.C.
4

5

6                                          By:  /s/ Robert R. Roginson
                                               Robert R. Roginson
7                                              Alejandro D. Szwarcsztejn

8                                          Attorneys for Defendant
                                           JACOBS TECHNOLOGY INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JACOBS TECHNOLOGY INC., a Tennessee corporation, and
DOES 1 to 100, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN GEIB, individually and on behalf of all others
similarly situated,

E-FILED
12/5/2022 11:00 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV407763
Reviewed By: R. Walker
Envelope: 10633320

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara Superior Court
Downtown Superior Court, 191 North First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
**22CV407763**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio; Potter Handy, LLP; 100 Pine St., Ste 1250, San Francisco, CA 94111; (858) 375-7385

DATE: 12/5/2022 11:00 PM    Clerk of Court    Clerk, by    R. Walker    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*    JACOBS TECHNOLOGY INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A, PAGE 12

E-FILED
12/5/2022 11:00 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV407763
Reviewed By: R. Walker

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385
Fax: (888) 422-5191

Attorneys for Plaintiff and the Putative Class

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| JOHN GEIB, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JACOBS TECHNOLOGY INC., a Tennessee corporation, and DOES 1 to 100, inclusive <br><br> Defendants. | CASE NO: **22CV407763** <br><br> **REPRESENTATIVE AND CLASS ACTION COMPLAINT FOR** <br><br> **(1) FAILURE TO PAY FOR ALL HOURS WORKED (LABOR CODE §§ 1194, 1194.2, 1198);** <br> **(2) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802);** <br> **(3) FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS (LABOR CODE § 226 AND 226.3);** <br> **(4) WAITING TIME PENALTIES (LABOR CODE § 201 – 203);** <br> **(5) FAILURE TO PAY ALL OVERTIME WAGES OWED (LABOR CODE §§ 510, 1194, 1194.2, 1198, AND WAGE ORDER);** <br> **(6) UNLAWFUL DEDUCTIONS FROM PAY (LABOR CODE §§ 221, 223, 400-410);** <br> **(7) FAILURE TO PAY FOR ON-CALL TIME;** <br> **(8) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2699, ET SEQ., AND 558); and** <br> **(9) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff John Geib ("Plaintiff"), on behalf of himself, the State of California, and all others similarly situated (hereinafter "Class Members") complains and alleges as follows:

---

PLAINTIFF'S REPRESENTATIVE AND CLASS ACTION COMPLAINT

1

**OVERVIEW OF CLAIMS**

1.      Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action and on behalf of the California general public, against Defendants Jacobs Technology Inc. ("Defendant"), and DOES 1 to 100 (collectively "Defendants") for their (1) failure to pay Plaintiff and his fellow employees in California for all hours worked; (2) failure to reimburse Plaintiff and his fellow employees business expenses incurred; (3) failure to provide complete wage statements to Plaintiff and his fellow employees within the four years prior to the filing of this Complaint; (4) failure to pay all wages due to former employees based on the foregoing; (5) failure to pay overtime wages to Plaintiff and his fellow employees; (6) unlawful deductions from pay; (7) failure to pay for on-call time; (8) violation of PAGA; and (9) unfair business practices based on the foregoing.  As a result of the foregoing, Defendants have violated California statutory laws as described below.

2.      The "Class Period" is designated as the period from four years prior to the filing of this Complaint trough the trial date. Defendants' violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing throughout the Class Period.

**VENUE**

3.      Venue is proper in this county under section 395.5 of the California Code of Civil Procedure.  Many, if not all, of the putative Class Members were employed and/or performed work during the Class Period by Defendants in Santa Clara County. Many of the acts alleged herein including Defendant's unlawful deductions from pay, failure to pay for on-call time, overtime wages, and all hours worked, and failure to reimburse employees for their business expenses, occurred in Santa Clara County.  Venue is therefore proper in Santa Clara County.

**JURISDICTION**

4.      Defendants are within the jurisdiction of this Court.   Jacobs Technology Inc. transacts millions of dollars by business as a company that offers architecture and interior, construction, engineering, environmental, procurement, scientific research, and information

EXHIBIT A, PAGE 14

1  technology services worldwide including in the State of California and the County of Santa Clara.

2  Thus, Defendants have obtained the benefits of the laws of the State of California. In addition,

3  Plaintiff asserts no claims arising under federal law. Rather, Plaintiff brings causes of action based

4  solely on, and arising from, California law. The claims of the Class are also based solely on

5  California law described herein.

6        5.      Further, this action is not amenable to federal jurisdiction pursuant to 28 U.S.C.

7  §1332, as (1) more than two-thirds of the members of the Class as defined below are citizens of the

8  state of California,(2) the defendants from whom significant relief is sought (Jacobs Technology

9  Inc.), whose alleged conduct forms a significant basis for the claims asserted by the Class, does

10  business in the state of California, and (3) the principal injuries resulting from the conduct alleged

11  herein incurred in the state of California.

12              **THE PARTIES**

13  **A.**    **The Plaintiff**

14        6.      Plaintiff is a California resident and, from July 27, 2018 through November 22,

15  2021, was employed by Defendants as a building maintenance service technician assigned to work

16  in Santa Clara, California. At all relevant times, Plaintiff was hired to provide services to

17  Defendants' customers. At all relevant times through the present, and on-going, Defendants'

18  employees, including Plaintiff during his and their employment, were not paid by Defendants for

19  all hours worked, on-call time, and overtime wages; were not provided accurate and/or complete

20  wage statements; were not reimbursed for all business expenses for work purposes, and other

21  business expenses; did not receive all of their wages due upon termination of employment; and

22  were subjected to unlawful deductions.

23        7.      Plaintiff also seeks to represent the following classes:

24          a.  all individuals who are or were employed by Defendants, or their predecessor or

25              merged entities in California as hourly, non-exempt employees during the Class

26              Period ("wage statement class members");

27          b.  all individuals who are or were employed by Defendants, or their predecessor or

28

merged entities in California as hourly, non-exempt employees, who work or worked in excess of eight hours in a day or forty hours in a workweek during the Class Period ("overtime class members");

c. all individuals who are or were employed by Defendants, or their predecessor or merged entities in California as hourly, non-exempt employees who were not reimbursed for their business expenses during the Class Period ("reimbursement class members");

d. all individuals who are or were employed by Defendants or their predecessor or merged entities in California who are or were subjected to unlawful deductions during the Class Period ("unlawful deduction class members");

e. all individuals who are or where employed by Defendants or their predecessor or merged entities in California in an hourly, non-exempt position, and who were paid more than seven days after the close of payroll during the Class Period, ("late payment class");

f. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt employees, who were not paid their wages at the time of termination or within seventy-two (72) hours of their resignation and have not been paid those sums for thirty (30) days thereafter, during the Class Period ("waiting time class"); and

g. all individuals who are or were employed by Defendants or their predecessor or merged entities in California who are or were not paid despite being on-call during the Class Period ("on-call class members").

(Collectively referred to as "Class Members" and/or the "Class").

**B.    The Defendants**

8.       Defendant Jacobs Technology Inc. is a Tennessee corporation headquartered in Tullahoma, Tennessee.    It offers architecture and interior, construction, engineering, environmental, procurement, scientific research, and information technology services worldwide.

To provide their services to their customers, Defendants employ technicians such as the Plaintiff and the Class Members.

9.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

11.     California courts have recognized that the definition of "employer" for purposes of enforcement of the California Labor Code goes beyond the concept of traditional employment to reach irregular working arrangements for the purpose of preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal. 4th 35, 65. As such, anyone who directly or indirectly, or through an agent or any other person, engages, suffers, or permits any person to work or exercises control over the wages, hours, or working conditions of any person, may be liable for violations of the California Labor Code as to that person. Cal. Labor Code §§558 and 558.1.

12.     California law also permits and recognizes the piercing of a corporate veil between sister companies and under the single enterprise rule. *Hasso v. Hapke* (2014) 227 Cal. App. 4th 107, 155; *Greenspan v. LADT, LLC* (2010) 191 Cal. App. 4th 486, 512. The single enterprise rule applies where "there are two or more personalities, there is but one enterprise; and that this

1    enterprise has been so handled that it should respond, as a whole, for the debts of certain

2    component elements of it." *Hasso* 227 Cal. App. 4th at 155; *Greenspan*, 191 Cal. App. 4th at 512.

3                                    **FACTUAL ALLEGATIONS**

4         13.    Plaintiff and the Class Members are and were employed by Defendant Jacobs

5    Technology Inc., a Tennessee company based in Tullahoma, Tennessee. Jacobs offers architecture

6    and interior, construction, engineering, environmental, procurement, scientific research, and

7    information technology services worldwide. On July 27, 2018, Plaintiff was hired by Defendants

8    as a building maintenance service technician assigned to work in Santa Clara, California.

9    Defendants paid Plaintiff $46.07 per hour.

10        14.    Plaintiff and the Class Members had to use their personal cellphones to

11   communicate with their colleagues for business-related calls. They also had to use their personal

12   tools while doing work for Defendants. However, Defendants did not reimburse business expenses

13   associated with these cellphone charges and use of their personal tools.

14        15.    In addition, Defendants had a policy of charging their employees for damage to

15   tools based on negligence. Defendants would deduct the amount of damage from the wages of

16   Plaintiff and the Class Members.

17        16.    Defendants terminated Plaintiff on November 22, 2021. However, Defendants only

18   paid Plaintiff's last salary one week later. Also, Defendants only paid Plaintiff's vacation pay

19   around four months after he was terminated. Plaintiff also found out that when he had Covid-19,

20   instead of getting Covid pay, Defendants credited it against Plaintiff's paid time off.

21        17.    In addition, everyday, for the past two years, the Class Members have been on-call

22   for extended periods of time even if such is not needed in their position.

23        18.    Labor Code § 1197 states the California requirement that employees must be paid at

24   least the minimum wage fixed by the Commission, and any payment of less than the minimum

25   wage is unlawful.

26        19.    Labor Code § 1194 entitles "any employee receiving less than the legal minimum

27   wage…to recover in a civil action the unpaid balance of the full amount of this minimum wage."

28

20.     IWC Wage Order § 4 also obligates employers to pay each employee minimum wages for all hours worked.

21.     As noted above, Plaintiff and the Class Members were required by Defendants to be on-call everyday for the past two years. Although this was related to their employment with Defendants and they often had to work beyond 40 hours per week because of this, Defendants never paid the aggrieved employees for time spent on-call nor were they paid for overtime work. As a result, the aggrieved employees are not compensated for all hours worked.

22.     In 2018, the California Supreme Court held in *Troester v. Starbucks, Inc.* (2018) 5 Cal.5th 829, that an employee must be compensated for any time in which they are under the control of their employer, and performing work, even if that amount of time, as here, is limited to a few minutes per day. Thus, by not compensating Plaintiff and the Class Members for the time spent on-call, Defendant has violated the Labor Code and the Wage Order.

23.     Labor Code § 1194.2 authorizes employees to recover wages to recover liquidated damages for violations of Labor Code § 1194. Where an employee, as Plaintiff and the Class Members are not paid for all hours worked under Labor Code § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover liquidated damages under § 1194.2 if they also showed they were paid less than minimum wage]; accord *Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) No. 15-cv-03175 NC, 2016 U.S. Dist. LEXIS 172319, at *20-21.) Since Defendant failed to provide Plaintiff and all Class Members with compensation for all hours worked, including overtime hours, each are entitled to recover liquidated damages under Labor Code § 1194.2. Based upon these same factual allegations, Plaintiff also seeks penalties on behalf of all Class Members penalties under Labor Code § 1199.

24.     As a result of Defendant's failure to pay wages to Plaintiff and the Class Members, for all hours worked, overtime, and on-call time, Defendant violated Labor Code § 203.  Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is

1   discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30

2   days.  Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

3        25.    Due to Defendant's faulty policies described above, all Class Members whose

4   employment with Defendant concluded were not compensated at the appropriate rate.

5   Additionally, Defendant has failed to pay all Class Members for all hours worked, overtime, and

6   on-call time, whose sums were certain, at the time of termination or within seventy-two (72) hours

7   of their resignation and have failed to pay those sums for thirty (30) days thereafter.

8        26.    As to Plaintiff and all Class Members, Defendants also failed to provide accurate

9   itemized wage statements in accordance with Labor Code § 226(a)(1, 2, 5, 9). Labor Code § 226

10   obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage

11   statement in writing showing:

> (1) gross wages earned;
> (2) total hours worked by the employee;
> (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate;
> (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;
> (5) net wages earned;
> (6) the inclusive dates of the period for which the employee is paid;
> (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;
> (8) the name and address of the legal entity that is the employer...;
> (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...

27.    Similarly, Labor Code § 226(e) provides:

> (e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.
> (2) (A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
> (B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete

information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

28.     Due to Defendant's failure to provide Plaintiff and the Class Members payment for all hours worked, overtime, and on-call time, the wage statements issued by Defendant do not indicate the correct amount of gross wages earned, the correct total hours worked, the correct net wages earned, or the applicable and/or correct hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(1), (2), (5) and (9).

29.     Thus, Defendant has violated Labor Code § 226(a)(1), (2), (5), and (9) with respect to Plaintiff and the Class Members.

30.     Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." As explained in detail above, Defendant failed to provide Plaintiff and the Class Members with accurate itemized wage statements. Accordingly, Plaintiff and the Class Members may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). See *Finder v.*

1    *Leprino Foods Co.* (E.D. Cal. Mar. 12, 2015) No. 1:13-CV-2059 AWI-BAM, 2015 WL 1137151, at

2    *7 ["the weight of authority counsels that violations of Section 226.3 may be the basis of a PAGA

3    claim."]; *Pedroza v. PetSmart, Inc.,* No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *6 (C.D.

4    Cal. June 14, 2012) ("Lab. Code § 226.3 merely provides that failure to perform actions mandated

5    by § 226(a) may trigger civil penalties.").

6        31.    Plaintiff and the Class Members are required by Defendants to use their personal

7    cellphones to communicate with their colleagues for business-related calls. They also had to use

8    their personal tools while doing work for Defendants. However, Defendants did not reimburse

9    business expenses associated with these cellphone charges and use of their personal tools. As such,

10   Defendants failed to reimburse Plaintiff and the Class Members' business expenses in violation of

11   Labor Code §2802.

12       32.    Cal. Labor Code §2802 (a) provides that:

13           An employer shall indemnify his or her employee for all necessary
14           expenditures or losses incurred by the employee in direct consequence of
             the discharge of his or her duties, or of his or her obedience to the
15           directions of the employer, even though unlawful, unless the employee, at
             the time of obeying the directions, believed them to be unlawful.
16

17       33.    Thus, employees such as Plaintiffs and the Class Members, are entitled to

18   reimbursement for the expenses they incur during the course of their duties. The duty to reimburse

19   even extends to the use of equipment the employee may already own, and would be required to

20   pay for anyway. *Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal. App. 4th 1137, 1144 ("The

21   threshold question in this case is this: Does an employer always have to reimburse an employee for

22   the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement

23   obligation limited to the situation in which the employee incurred an extra expense that he or she

24   would not have otherwise incurred absent the job? The answer is that reimbursement is always

25   required. Otherwise, the employer would receive a windfall because it would be passing its

26   operating expenses on to the employee.") After all, the purpose of 2802 is to "prevent employers

27   from passing along their operating expenses onto their employees." *Gattuso v. Harte-Hanks*

28

---

1    *Shoppers, Inc.*, (2007) 42 Cal. 4th 554, 562.

2        34.     Thus, Defendants' requirement for Plaintiff and the Class Members to use their

3 personal phones for business-related calls and to use their personal tools for work violates

4 California's laws regarding reimbursement of business expenses.

5        35.     Labor Code § 510 requires an employer to compensate an employee who works

6 more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight

7 (8) hours worked on the seventh consecutive day no less than one and one-half times the regular

8 rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate

9 employees at no less than twice the regular rate of pay when an employee works more than twelve

10 (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work. In

11 accordance with Labor Code § 1194, Plaintiff and the overtime class members could not then

12 agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code

13 §§ 510 and 1194.

14        36.     For the reasons stated above, Plaintiff and the Class Members worked certain hours

15 for which they were not paid. Defendants required Plaintiff and the Class Members to remain on-

16 call everyday for two years. Because Plaintiff and the Class Members spent eight hours or more

17 working on "compensated" time, this uncompensated time for work done beyond eight hours each

18 day should have been compensated at the overtime rate. Instead, no compensation was paid at all,

19 in violation of Cal. Labor Code §§ 510, 1194, and the Wage Order.

20        37.     Labor Code § 221 provides: "It shall be unlawful for any employer to collect or

21 receive from an employee any part of wages theretofore paid by said employer to said employee."

22        38.     This and related statutes, along with California's fundamental public policy

23 protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated

24 or unpredicted reductions in their wages; making employees the insurers of their employer's

25 business losses; otherwise passing the ordinary business losses of the employer onto the employee;

26 taking deductions from wages for business losses unless the employer can establish that the loss

27 was caused by a dishonest or willful act, or gross negligence of the employee; or taking other

28

EXHIBIT A, PAGE 23

1    unpredictable deductions that may impose a special hardship on employees.

2    39.    As discussed above, Defendants had a policy of charging their employees for

3    damage to tools based on negligence. Defendants would deduct the amount of damage from the

4    wages of Plaintiff and the Class Members.

5    40.    As a result of the deductions made by Defendants for damage to tools from the

6    aggrieved employees' wages, Defendants have violated Cal. Labor Code § 221 by unlawfully

7    taking deductions from Plaintiff and the Class Members' pay.

8    41.    As discussed above, everyday, for the past two years, the Class Members have been

9    on-call for extended periods of time even if their roles do not require such.

10    42.    Several court cases have addressed the issue of reporting time pay, standby time,

11    and on-call time. The courts found that an employee hired to wait for something to happen is

12    entitled to compensation for those hours if the time was subject to the control of the employer.

13    (*Armour & Co. vs. Wantock*, 323 U.S. 126 (1944)).

14    43.    Time spent on standby or on-call is work-related if the time is spent primarily for

15    the employer's benefit. The regular rate of pay for standby or on-call time might be lower than for

16    regular working time. However, the rate of pay must be at least minimum wage.

17    44.    Courts have used different factors to determine if an employee is entitled to pay for

18    on-call and standby time. The main requirement being that the hours worked on-call must be

19    controlled by the employer. In the case of *Berry v. County of Sonoma* (1994) 30 F.3d 1174, the

20    court listed the following factors to consider: (1) geographical restrictions on employee's

21    movements; (2)  the frequency of the calls prevents the employee from effectively using his time

22    for personal purposes; (3) a fixed time is set for the employee to respond or return to work; (4)

23    how easy it is for the employee to trade on-call duties with another employee and if the employee

24    is subject to negative consequences for not showing up; and (5) if an employee can continue his

25    personal activities with minimal disruption or not while on-call.

26    45.    In the case of *Mendiola v. CPS Security Solutions, Inc.*, 60 Cal.4th 833, 182 Cal.

27    Rptr. 3d 124, 340 P.3d 355 (Cal. 2015), the court ruled that even sleep time may be included when

28

1    calculating hours worked during on-call time.

2        46.     All of these are applicable to the Class Members' situation, and thus, Defendants

3    should have paid them for their on-call time.

4                       **CLASS ACTION ALLEGATIONS**

5        47.     Plaintiff bring this action, on behalf of himself and all others similarly situated, as a

6    class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent the following

7    classes:

8          a.    all individuals who are or were employed by Defendants, or their predecessor or

9              merged entities in California as hourly, non-exempt employees during the Class

10             Period ("wage statement class members");

11          b.    all individuals who are or were employed by Defendants, or their predecessor or

12             merged entities in California as hourly, non-exempt employees, who work or

13             worked in excess of eight hours in a day or forty hours in a workweek during the

14             Class Period ("overtime class members");

15          c.    all individuals who are or were employed by Defendants, or their predecessor or

16             merged entities in California as hourly, non-exempt employees who were not

17             reimbursed for their business expenses during the Class Period ("reimbursement

18             class members");

19          d.    all individuals who are or were employed by Defendants or their predecessor or

20             merged entities in California who are or were subjected to unlawful deductions

21             during the Class Period ("unlawful deduction class members");

22          e.    all individuals who are or where employed by Defendants or their predecessor or

23             merged entities in California in an hourly, non-exempt position, and who were paid

24             more than seven days after the close of payroll during the Class Period, ("late

25             payment class");

26          f.    all individuals who are or were employed by Defendants or their predecessor or

27             merged entities in California as hourly, non-exempt employees, who were not paid

28

EXHIBIT A, PAGE 25

their wages at the time of termination or within seventy-two (72) hours of their resignation and have not been paid those sums for thirty (30) days thereafter, during the Class Period ("waiting time class"); and

g.  all individuals who are or were employed by Defendants or their predecessor or merged entities in California who are or were not paid despite being on-call during the Class Period ("on-call class members").

48.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

a.    Numerosity:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have, on average, during the Class Period employed over 500 Class Members in California.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed classes is therefore not practicable.

b.    Commonality:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.   Whether Defendants violated sections 1194, 1194.2, and 1198 of the Labor Code by failing to pay Plaintiff and the members of the Class for all hours worked during the Class Period;

ii.   Whether Defendants violated Labor Code sections 221, 400-410, and the Wage Order, by deducting damages for tools from the pay of Plaintiff and the Class Members in accordance with Defendants' policies;

iii.   Whether Defendants violated 2802 of the Labor Code and section 17203 of the California Business and Professions Code during the Class Period by failing to reimburse

1    Plaintiff and the Class Members for their work-related expenses including the use of their personal

2    phones and tools;

3              iv.    Whether Defendants failed to pay the Class Members for time spent on-call;

4              v.    Whether Defendants violated Section 203 of the Labor Code by failing to pay

5    members of the Waiting Time Penalty Subclass (those class members who have terminated their

6    employment with the Defendants) for all wages due to them (including their pay due for unpaid rest

7    breaks and the other Nonproductive times) upon their separation of employment from Defendant;

8              vi.    Whether Defendants failed to provide Plaintiff and the Class Members

9    complete wage statements in violation of Labor Code Section 226(a);

10             vii.   Whether Defendants violated Sections 510, 1194, 1194.2, and 1198 of the

11   Labor Code and the IWC Wage Order during the Class Period by failing to pay Plaintiff and the

12   Class Members all overtime wages owed;

13             viii.  Whether Defendants engaged in an unfair practice and violated section

14   17200 of the California Business and Professions Code by failing to pay Plaintiff and the members

15   of the Class for all hours worked and by failing to reimburse them for fair business-related

16   expenses including the use of their personal phones and tools, during the Class Period;

17             ix.    Whether Defendants engaged in an unfair practice and violated section

18   17200 of the California Business and Professions Code by making unlawful deduction to the Class

19   Members' pay for damaged tools;

20             x.     Whether Defendants engaged in an unfair practice and violated section

21   17200 of the California Business and Professions Code by failing to pay the Class Members for

22   time spent on-call;

23             xi.    Whether Defendants engaged in an unfair practice and violated section

24   17200 of the California Business and Professions Code by failing to pay Plaintiff and the members

25   of the Class for all wages and overtimes wages owed during the Class Period;

26             xii.   Whether Plaintiff and the Class are entitled to restitution under Business and

27   Professions Code § 17200;

28

---

1    xiii. The proper formula(s) for calculating damages, interest, and restitution

2 owed to Plaintiff and the Class Members;

3    xiv. The nature and extent of class-wide damages.

4    c. Typicality:  Plaintiff's claims are typical of the claims of the Class.  Both

5 Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly

6 belonging to them, arising out of and caused by Defendants' common course of conduct in

7 violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

8    d. Adequacy of Representation:  Plaintiff is a member of the Class and will

9 fairly and adequately represent and protect the interests of the Class and Class Members.

10 Plaintiff's interests do not conflict with those of Class and Class Members.  Counsel who represent

11 Plaintiff are competent and experienced in litigating large wage and hour class actions, and other

12 employment class actions, and will devote sufficient time and resources to the case and otherwise

13 adequately represent the Class and Class Members.

14    e. Superiority of Class Action:  A class action is superior to other available

15 means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class

16 Members is not practicable, and questions of law and fact common to the Class predominate over

17 any questions affecting only individual members of the Class.  Each Class Member has been

18 damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or

19 practices.  Certification of this case as a class action will allow those similarly situated persons to

20 litigate their claims in the manner that is most efficient and economical for the parties and the

21 judicial system.  Certifying this case as a class action is superior because it allows for efficient and

22 full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful

23 compensation and non-reimbursement policies and will thereby effectuate California's strong

24 public policy of protecting employees from deprivation or offsetting of compensation earned in

25 their employment.  If this action is not certified as a Class Action, it will be impossible as a

26 practical matter, for many or most Class Members to bring individual actions to recover monies

27 unlawfully withheld from their lawful compensation due from Defendants, due to the relatively

28

1   small amounts of such individual recoveries relative to the costs and burdens of litigation.

2   **FIRST CAUSE OF ACTION**
    **FAILURE TO PAY FOR ALL HOURS WORKED**
3   **[Cal. Labor Code §§ 1194; 1194.2, and 1198]**
    **On behalf of Plaintiff and the Class Against All Defendants**
4

5   49.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth

6   in the preceding paragraphs.

7   50.     Section 1194 of the Labor Code provides, in relevant part:

8        Notwithstanding any agreement to work for a lesser wage, any employee
         receiving less than minimum wage...applicable to the employee is entitled to
9        recover in a civil action the unpaid balance of the full amount of this
         minimum wage ..., including interest thereon, reasonable attorney's fees, and
10       costs of suit.

11  51.     Section 1194.2 of the Labor Code provides, in relevant part:

12       In any action under...Section 1194 to recover wages because of the payment
         of a wage less than the minimum wage fixed by an order of the commission,
13       an employee shall be entitled to recover liquidated damages in an amount
         equal to the wages unlawfully unpaid and interest thereon.
14

15  52.     As set forth above, during the Class Period, Defendants required the Class Members

16  to be on-call everyday for the past two years. Although this was related to their employment with

17  Defendants and they often had to work beyond 40 hours per week because of this, Defendants

18  never paid the Class Members for time spent on-call nor were they paid for overtime work. As a

19  result, the Class Members are not compensated for all hours worked  in violation of Labor Code §

20  1194.

21  53.     Accordingly, during the Class Period, Plaintiff and the members of the Class did not

22  receive minimum wage for their off the clock work.

23  54.     Pursuant to sections 1194, 1194.2, and 1198 of the California Labor Code, Plaintiff

24  and the Class are entitled to recover, either their unpaid hourly wages due, or minimum wage plus

25  interest and/or liquidated damages in an additional amount equal to the total amount of wages

26  unlawfully withheld during the Class Period for unpaid work hours.

27  55.     Pursuant to section 1194.2 of the Labor Code, Plaintiff and the Class are also

28

**EXHIBIT A, PAGE 29**

1    entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

2                            **SECOND CAUSE OF ACTION**
                    **FAILURE TO REIMBURSE BUSINESS EXPENSES**
3                              **[Cal. Labor Code § 2802]**
                **On Behalf of Plaintiff and the Class Against All Defendants**
4

5    56.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

6    in the preceding paragraphs.

7    57.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

8    employee for all necessary expenditures or losses incurred by the employee in direct consequence

9    of the discharge of his or her duties."

10   58.    Plaintiff and the Class Members were required by Defendants to use their personal

11   cellphones to communicate with their colleagues for business-related calls. They also had to use

12   their personal tools while doing work for Defendants. However, Defendants did not reimburse

13   business expenses associated with these cellphone charges and use of their personal tools.

14   59.    As a result, throughout the Class Period, Plaintiff and the Class incurred hundreds

15   of dollars per month in unreimbursed expense for which they are entitled to be reimbursed, plus

16   interest.

17   60.    Defendants' failure to pay for or reimburse the work-related business expenses of

18   Plaintiff and Class Members violated non-waivable rights secured to Plaintiff and Class Members

19   by Labor Code § 2802. *See* Labor Code §2804. Plaintiff and similarly situated Class Members are

20   entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and

21   costs, under Labor Code § 2802(c).

22                             **THIRD CAUSE OF ACTION**
                  **FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**
23                     **[Cal. Labor Code § 226(a) and 226.2(a)(2)(A)-(B)]**
        **On behalf of Plaintiff and the Wage Statement and Penalty Subclass Against All Defendants**
24

25   61.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

26   in the preceding paragraphs.

27   62.    The actionable period for this cause of action is one year prior to the filing of this

28   Complaint through the present, and on-going until the violations are corrected or the subclass is

certified.

63.    Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall...furnish each of his or her employees...an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...

64.    As set forth above, during the Class Period, due to its failure to pay for overtime, all wages owed, and on-call time, Defendants failed to issue wage statements to its employees in California, including Plaintiff, that complied with Labor Code Section 226(a).

65.    Defendants' "wage statements" failed to comply with either section 226 or 226.2. First, Defendants failed to identify themselves as the employer. Second, Defendants' "wage statements" also did not include total hours worked, the total amount of time spent on rest periods & other nonproductive tasks, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code Sections 226(a) and 226.2.

66.    Defendants failure to comply with section 226(a) of the Labor Code was knowing and intentional, particularly following the issuance of *McKenzie v. Federal Express Corp.*, 765 F.Supp.2d 1222, 1229 (C.D.Cal. 2011) and/or the passage of Section 226.2.

67.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the wage statement and penalty subclass (i.e., those members of the class who were employed by Defendants during the actionable period for this cause of action) in violation of section 226(a) of the California Labor Code, Plaintiff and the Class are each entitled to

1    recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding

2    an aggregate penalty of $4,000 per Plaintiff and per every member of the Class from Defendants

3    pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
**WAITING TIME PENALTIES FOR**
**FAILURE TO PAY WAGES DUE ON TERMINATION**
**[Cal. Labor Code §§ 201-203]**
**On Behalf of Plaintiff and the Waiting Time Penalty Subclass Against All Defendants**

68.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

69.    The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected, or the subclass is certified.

70.    Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former employees in the Class during the actionable period for this cause of action, at or around the time that their employment is terminated.

71.    Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

72.    By virtue of its failure to pay for all hours worked, overtime, and on-call time, Defendants willfully failed to pay Plaintiff and other members of the Waiting Time Penalty Subclass (i.e., those members of the Class whose employment with Defendants ended the actionable period for this cause of action) who are no longer employed by Defendants for their time spent on-call prior to or upon termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.

73.    As a result, Defendants are liable to Plaintiff and other members of the waiting time penalty subclass who are no longer employed by Defendants for waiting time penalties amounting to thirty (30) days wages for Plaintiff and each such subclass member pursuant to California Labor

1    Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination

2    entitles an employee to recover waiting time penalties).

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL OVERTIME WAGES**
**(Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section**
**of the IWC Wage Order)**
**By Plaintiff and the Overtime Class Against All Defendants**

74.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

paragraphs above, as though fully set forth herein.

75.    Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday

and any work in excess of 40 hours in any one workweek and the first eight hours worked on the

seventh day of work in any one workweek shall be compensated at the rate of no less than one and

one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day

shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In

addition, any work in excess of eight hours on any seventh day of a workweek shall be

compensated at the rate of no less than twice the regular rate of pay of an employee." The "Hours

and Days of Work" section of the applicable IWC Wage Order mandate the same requirements.

76.    Labor Code § 1194 provides that any employee receiving less than the legal

overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid

balance of the full amount of this overtime compensation, including interest thereon, reasonable

attorney's fees, and costs of suit.

77.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and

the standard conditions of labor fixed by the commission shall be the maximum hours of work and

the standard conditions of labor for employees. The employment of any employee for longer hours

than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

78.    The IWC Wage Order defines the term "hours worked" as "the time during which

an employee is subject to the control of an employer, and includes all the time the employee is

suffered or permitted to work, whether or not required to do so."

EXHIBIT A, PAGE 33

79.     In California, overtime is computed based on the regular rate of pay.  The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

80.     Plaintiff and members of the Overtime Class regularly worked over eight hours per day and 40 hours per week while employed by Defendants. Defendants required Plaintiff and the class members to remain on-call everyday off the clock. Plaintiff and members of the Overtime Class did not receive all overtime compensation owed for all overtime hours worked over eight hours per day and/or 40 hours per week, and/or for every hour worked during the seventh day of work, at the applicable overtime rate during their employment with Defendants.

81.     Defendants failed to pay Plaintiff and members of the Overtime Class at the proper overtime rate for all the time spent working and under the control of Defendants. Defendants also failed to pay overtime compensation for all overtime hours worked over eight hours per day and/or 40 hours per week.

82.     Plaintiff and members of the Overtime Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

83.     Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

### SIXTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM PAY
**[Cal. Labor Code §§ 221, 223, 400-410 and Wage Order]**
**On Behalf of Plaintiff and the Class Against All Defendants**

84.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

85.     Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

86.     Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

87.     Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

88.     IWC wage order § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

89.     These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

90.     Defendants have violated and continue to violate Cal. Labor Code §§ 221, 223, and 400-410, and the IWC wage order by unlawfully taking deductions from Plaintiff's and Class Members' compensation to cover certain ordinary business expenses of Defendants, including but not limited to damages for tools. Defendants' further violated and continue to violate Cal. Labor Code §§ 221, 223, and 400-410, and the IWC wage order through their pay tools damages deduction policies.

91.     Because Defendants took unlawful deductions from the compensation of Plaintiff and the Class, they are liable to Plaintiff and Class Members for the compensation that should have

1  been paid but for the unlawful deductions, pursuant to Cal. Labor Code§§ 221, 223, and 400-410,

2  and the IWC wage order.

3    92.    By unlawfully deducting wages and failing to pay Plaintiff and other similarly

4  situated Class Members, Defendants are also liable for penalties, reasonable attorneys' fees, and

5  costs under Labor Code §§ 218.5 and 1194.

6  **SEVENTH CAUSE OF ACTION**
   **FAILURE TO PAY FOR ON-CALL TIME**
7  **On Behalf of Plaintiff and the Class Against All Defendants**

8    93.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

9  in the preceding paragraphs.

10    94.    As discussed above, everyday, for the past two years, the Class Members have been

11  on-call for extended periods of time even if their roles do not require such.

12    95.    Several court cases have addressed the issue of reporting time pay, standby time,

13  and on-call time. The courts found that an employee hired to wait for something to happen is

14  entitled to compensation for those hours if the time was subject to the control of the employer.

15  (*Armour & Co. vs. Wantock*, 323 U.S. 126 (1944)).

16    96.    Time spent on standby or on-call is work-related if the time is spent primarily for

17  the employer's benefit. The regular rate of pay for standby or on-call time might be lower than for

18  regular working time. However, the rate of pay must be at least minimum wage.

19    97.    Courts have used different factors to determine if an employee is entitled to pay for

20  on-call and standby time. The main requirement being that the hours worked on-call must be

21  controlled by the employer. In the case of *Berry v. County of Sonoma* (1994) 30 F.3d 1174, the

22  court listed the following factors to consider: (1) geographical restrictions on employee's

23  movements; (2) the frequency of the calls prevents the employee from effectively using his time

24  for personal purposes; (3) a fixed time is set for the employee to respond or return to work; (4)

25  how easy it is for the employee to trade on-call duties with another employee and if the employee

26  is subject to negative consequences for not showing up; and (5) if an employee can continue his

27  personal activities with minimal disruption or not while on-call.

28    98.    In the case of *Mendiola v. CPS Security Solutions, Inc.*, 60 Cal.4th 833, 182 Cal.

PLAINTIFF'S REPRESENTATIVE AND CLASS ACTION COMPLAINT
24

1   Rptr. 3d 124, 340 P.3d 355 (Cal. 2015), the court ruled that even sleep time may be included when

2   calculating hours worked during on-call time.

3       99.   All of these are applicable to the Class Members' situation, and thus, Defendants

4   should have paid them for their on-call time.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE PRIVATE ATTORNEY GENERALS ACT OF 2004**
**[Labor Code § 2698, et seq.]**
**On Behalf of Plaintiff and the Class Against All Defendants**

8       100.   Plaintiff, on behalf of himself and all aggrieved employees, realleges and

9   incorporates by reference all previous paragraphs.

10      101.   Based on the above allegations incorporated by reference, Defendants have violated

11  Labor Code §§ 201, 202, 203, 221, 223, 226, 226.3, 400-410, 1194, 1194.2, 1197, 1197.1, 1198,

12  1198.5, 1199, 2802, as well as the IWC Wage Order.

13      102.   Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and

14  all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial

15  subject to the following formula:

16      $100 for the initial violation per employee per pay period; and

17      $200 for each subsequent violation per employee per pay period.

18  These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce

19  Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These

20  penalties may be stacked separately for each of Defendants violations of the California Labor

21  Code. *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist.

22  LEXIS 86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not

23  seek stacked PAGA penalties, that "PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA

24  penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez*

25  *v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26,

26  2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code

27  section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of

28  section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for

violations of Labor Code §§ 226(a) and 226(e)); *accord Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO) 2010 U.S. Dist. LEXIS 81128, at *17 (E.D. Cal. July 14, 2010); *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 U.S. Dist. LEXIS 72659, 2008 WL 3863489, at * 2-3 (E.D. Cal. Aug. 19, 2008); *Smith v. Brinker Intern, Inc.*, No. C 10-0213 VRW, 2010 U.S. Dist. LEXIS 54110, 2010 WL 1838726, at * 2-6 (N.D. Cal. May 5, 2010).

103.    Pursuant to Labor Code § 2699.3 (a), on September 8, 2022, Plaintiff gave written notice by certified mail to Defendant, and to the LWDA of his claims for violations of Labor Code §§ 201, 202, 203, 221, 223, 226, 226.3, 400-410, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, as well as the IWC Wage Order, and theories supporting these claims as alleged herein. As of the date of this Complaint, the LWDA has not responded to Plaintiff's PAGA letter. Accordingly, Plaintiff has fulfilled all administrative prerequisites to the filing and pursuit of his PAGA claims on himself and all other current and former Aggrieved Employees of Defendant.

104.    As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq. because of Defendants' violation of Labor Code §§ 201, 202, 203, 221, 223, 226, 226.3, 400-410, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, as well as the IWC Wage Order.

<div align="center">

**NINTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200, ET SEQ.)**
**On Behalf of Plaintiff and the Class Against All Defendants**

</div>

105.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

106.    Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices. Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

107.    Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for

1    this cause of action is four years prior to the filing of this Complaint through the present, and on-

2    going until the violations are corrected, or the Class is certified.

3        108.    Section 90.5(a) of the Labor Code states that it is the public policy of California to

4    enforce vigorously minimum labor standards in order to ensure employees are not required to work

5    under substandard and unlawful conditions, and to protect employers who comply with the law

6    from those who attempt to gain competitive advantage at the expense of their workers by failing to

7    comply with minimum labor standards.

8        109.    As a direct and proximate result of Defendants' unlawful business practices,

9    Plaintiff and the Class Members have suffered economic injuries.  Defendants have profited from

10    its unlawful, unfair, and/or fraudulent acts and practices.

11        110.    Plaintiff and similarly situated Class Members are entitled to monetary relief

12    pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages, overtime, and

13    on-call time, unlawfully deducted amounts from their wages, and unreimbursed business expenses,

14    due and interest thereon, from at least four years prior to the filing of this complaint through to the

15    date of such restitution, at rates specified by law.  Defendants should be required to disgorge all the

16    profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members,

17    from whom they were unlawfully taken.

18        111.    Through its actions alleged herein, Defendants have engaged in unfair competition

19    within the meaning of section 17200 of the California Business & Professions Code, because

20    Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by

21    wrongfully denying them wages due for all hours worked, on-call time, and overtime, wrongfully

22    denying them reimbursement for business expenses, wrongfully deducting amounts from their

23    wages, and therefore was substantially injurious to Plaintiff and the Class Members.

24        112.    Defendants engaged in unfair competition in violation of sections 17200 et seq. of

25    the California Business & Professions Code by violating Sections §§, 201, 202, 203, 221, 223,

26    226, 226.3, 400-410, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, as well as the IWC

27    Wage Order.

28

---

PLAINTIFF'S REPRESENTATIVE AND CLASS ACTION COMPLAINT

27

113.    Defendants' course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code.

114.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

115.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated Class Members previously or presently employed by Defendants in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code § 1194.

**JURY DEMAND**

116.    Plaintiff hereby demands trial by jury of his and the Class's claims against Defendants.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment against Defendants as follows:

1.    An Order than this action may proceed and be maintained as a class action;

2.    On the First Cause of Action:

a.    A declaratory judgment that Defendants violated sections 1194, 1194.2, and 1198 of the California Labor Code by failing to pay Plaintiff and other members of the Class hourly and separately for their time spent on-call during the class period;

b.    An award to Plaintiff and other members of the Class in the amount of their unpaid wages owed to them for their time spent on-call, plus interest and/or liquidated damages during the class period;

c.    An award to Plaintiff and the other members of the Class in the amount of

1  their unpaid wages owed to them for their time spent on-call during the class period, plus interest;

2  and/or liquidated damages;

3          d.    An award to Plaintiff and the Class Members of their attorneys' fees and

4  costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the

5  California Labor Code and section 1021.5 of the California Code of Civil Procedure;

6        3.    On the Second Cause of Action:

7          a.    A declaratory judgement that Defendants violated Labor Code § 2802;

8          b.    Pursuant to 2802 (a)-(c), reimbursement for all the unreimbursed business

9  related expenses including personal phone, tools, and other expenses incurred by Plaintiff and the

10  Class, plus interest and attorney's fees.

11        4.    On the Third Cause of Action:

12          a.    A declaratory judgment that Defendants violated California Labor Code

13  §226 by issuing inaccurate and/or incomplete wage statements that failed to include total hours

14  worked and all applicable hourly rates in effect during the pay period and the corresponding

15  number of hours worked at each hourly rate to Plaintiff and the wage statement and penalty

16  subclass members;

17          a.    An award to Plaintiff and Class Members of $50 for each initial pay period,

18  one year prior to the filing of this Complaint through the date of trial, in which a violation of

19  Section 226 occurred and $100 for each subsequent pay period, one year prior to the filing of this

20  Complaint through the date of trial,  in which a violation of Section 226 occurred, not to exceed

21  $4,000 for each member of the Class, as well as an award of costs and reasonable attorney's fees,

22  pursuant to Labor Code § 226(e).

23        5.    On the Fourth Cause of Action:

24          a.    A declaratory judgment that Defendants violated California Labor Code §§

25  201 through 203;

26          b.    Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiff and

27  the Waiting Time Penalty Subclass members for waiting time penalties in the amount of 30 days'

28

1  wages per waiting time penalty subclass Class Member.

2      6.      On the Fifth Cause of Action:

3          a.      A declaratory judgment that Defendants violated sections 510, 1194, 1194.2

4  of the California Labor Code by failing to pay Plaintiff and other members of the Overtime Class

5  for all compensation for all hours worked in excess of eight hours in a day or forty hours in a

6  workweek at the proper overtime rate;

7          b.      An award to Plaintiff and the other members of the Overtime Class in the

8  amount of their unpaid overtime compensation owed to them plus interest; and/or liquidated

9  damages;

10          c.      An award to Plaintiff and the Overtime Class Members of their attorneys'

11  fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of

12  the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

13      7.      On the Sixth Cause of Action:

14          a.      A declaratory judgment that Defendants violated Labor Code § 221, 223,

15  400-410, as well as the Wage Order;

16          b.      Damages in the amount of all wages wrongfully withheld from the pay of

17  Plaintiff and the Members of Class plus interest, liquidated damages, and attorneys' fees and costs;

18      8.      On the Seventh Cause of Action:

19          a.      A declaratory judgment that Defendants failed to pay Plaintiff and the Class

20  Members for on-call time;

21          b.      All reliefs as may be proper under the law;

22      9.      On the Eighth Cause of Action:

23          a.      For penalties and other relief allowable under Labor Code § 2699, *et seq.* for

24  Plaintiff and all aggrieved employees because of Defendants' violation of Labor Code §§ 201, 202,

25  203, 221, 223, 226, 226.3, 400-410, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, as well

26  as the IWC Wage Order;

27

28

1          b.    A civil penalty against Defendants in the amount of $100 for the initial

2    violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the

3    California Labor Code for Plaintiff and all aggrieved employees for each and every pay period

4    during that occurred between September 8, 2021 through trial;

5          c.    A civil penalty against Defendants, pursuant to Labor Code § 1197.1 for the

6    initial violation that is intentionally committed, in the amount of one hundred dollars ($100) for

7    each underpaid employee for each pay period for which the employee is underpaid and for each

8    subsequent violation, two hundred fifty dollars ($200) for each underpaid employee for each pay

9    period for which the employee is underpaid regardless of whether the initial violation was

10   intentionally committed, for Plaintiff and all aggrieved employees for each and every payperiod

11   during that occurred between September 8, 2021 through trial;

12         d.    An award of reasonable attorney's fees against Defendants as specified in

13   Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection

14   with the PAGA claims;

15         e.    An award of all costs incurred by the undersigned counsel for Plaintiff in

16   connection with Plaintiff's and the aggrieved employees' claims against Defendants as provided

17   for in Labor Code § 2699(g)(1);

18       10.   <u>On the Ninth Cause of Action</u>

19         a.    That the Court find and declare that Defendants have violated the UCL and

20   committed unfair and unlawful business practices by failing to pay Plaintiff and Class Members on

21   a separate and hourly basis for their overtime, and time spent on-call, by unlawfully deducting

22   from their wages, and by failing to reimburse Plaintiff the Class for all their business-related

23   expenses;

24         b.    Restitution, including, but not limited to, the relief permitted by sections

25   1194, 221, 223, 226.7, and 2802 of the California Labor Code (i.e., pay as specified for time spent

26   on-call and overtime and reimbursement of all business-related expenses by Plaintiff and the

27   members of the Class during the Class Period), as well as a disgorgement of all profits associated

28

1   with Defendants' unlawful policies as described above;

2       11.    All other relief as this Court deems proper.

3

4   Dated: December 5, 2022                Respectfully,

5                                          POTTER HANDY LLP.

6

7                                          *James Treglio*

8
                            By:    James M. Treglio
9                                  Counsel for Plaintiff and the Putative Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A, PAGE 44

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077)<br>Potter Handy, LLP<br>100 Pine St., Ste 1250, San Francisco, CA 94111 | |

TELEPHONE NO.: (858) 375-7385   FAX NO. *(Optional):* 888-422-5191
ATTORNEY FOR *(Name):* Plaintiff, John Geib

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/5/2022 11:00 PM
Reviewed By: R. Walker
Case #22CV407763
Envelope: 10633320**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 North First Street,
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME: Geib v. Jacobs Technology Inc., et al.

22CV407763

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 9 - Violations of Cal. Labor Code 201, 202, 203, 221, 223, 226, 226.3, 400-410, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, IWC WO, PAGA, UCL
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  December 5, 2022

James M. Treglio
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

Exhibit A, Page 46

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

---

CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Page 2 of 2

EXHIBIT A, PAGE 46

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: 22CV407763

<div style="border:1px solid black;text-align:center">

## PLEASE READ THIS ENTIRE FORM

</div>

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.*  *You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: Hon. Sunil R. Kulkarni                    Department: 1

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: 04/27/23        Time: 2:30 pm        in Department: 1

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____        Time: _____        in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

EXHIBIT A, PAGE 47

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**          EXHIBIT A, PAGE 48

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

# EXHIBIT B

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**     Seamus McGorty
            JACOBS ENGINEERING GROUP INC.
            6312 S FIDDLERS GREEN CIR STE 300N
            GREENWOOD VILLAGE, CO 80111-4927

**RE:**     **Process Served in California**

**FOR:**    Jacobs Technology Inc.  (Domestic State: TN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHN GEIB, individually and on behalf of all others similarly situated // To: Jacobs Technology Inc. |
| **CASE #:** | 22CV407763 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/13/2022 at 13:47 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/13/2022, Expected Purge Date: 12/23/2022 |
| | Image SOP |
| | Email Notification,  Kim Mulligan  Kim.Mulligan@jacobs.com |
| | Email Notification,  Taggart Hansen  Taggart.Hansen@jacobs.com |
| | Email Notification,  Lee Rose  lee.rose@jacobs.com |
| | Email Notification,  Lucy Halatyn  lucy.halatyn@jacobs.com |
| | Email Notification,  Sarah Wariner  sarah.wariner@jacobs.com |
| | Email Notification,  Chris Corchiarino  christopher.corchiarino@jacobs.com |
| | Email Notification,  Kate Cook  kate.cook1@jacobs.com |
| | Email Notification,  SANDY ISLIN  sandy.islin@jacobs.com |
| | Email Notification,  Chrissy Duncan  chrissy.duncan@jacobs.com |
| | Email Notification,  Seamus McGorty  seamus.mcgorty@jacobs.com |
| | Email Notification,  Madelyn Parikh  madelyn.parikh@jacobs.com |
| | Email Notification,  Julie Arnold  Julie.Arnold@jacobs.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

**EXHIBIT B, PAGE 50**

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/13/2022
CT Log Number 542845153

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT B, PAGE 51